# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**STARKEISHA TUNSTALL** *Individually,*
*and on behalf of herself and others similarly situated*

      Plaintiff,

      v.                                Case No. _____

**WEISER SECURITY SERVICES, INC.,**        FLSA 216(b) Action
                                                  RULE 23 Class Action
                                                  JURY DEMANDED

      Defendant.

## ORIGINAL FLSA MULTI-PLAINTIFF AND CLASS ACTION COMPLAINT

Named Plaintiff, Starkeisha Tunstall ("Plaintiff"), individually and on behalf of herself and other similarly situated current and former security guards, bring this Fair Labor Standards Act ("FLSA") multi-plaintiff action and Rule 23 class action against Weiser Security Services, Inc. ("Defendant) and states as follows:

### I.    NATURE OF SUIT

1. This lawsuit is brought against Defendant as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover the applicable FLSA minimum wage and overtime compensation rates of pay owed to Plaintiff and other similarly situated security guards who are members of an FLSA multi-plaintiff action as defined herein and currently or previously employed by Defendant during all times material.

2. This lawsuit is also a Fed. R. P. 23 class action, alleging breach of contract, unjust enrichment, and quantum meruit claims under Tennessee common law.

## II.     JURISDICTION AND VENUE

3.  The FLSA authorizes private parties to take court actions to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This action is brought to recover unpaid wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

4.  This court has jurisdiction over the Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C. § 1367 because the claims are so related to those of this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff performed work for Defendant in this district during all times material herein. In addition, Defendant has conducted business in this district during all times material.

## III.     PARTIES

6.  Plaintiff Starkeisha Tunstall is an adult citizen of the United States and was employed as a security guard by Defendant during all times relevant to this action. Plaintiff Tunstall's "Consent to Join" is attached as *Exhibit A*.

7.  Defendant Weiser Security Services, Inc. is a Louisiana corporation with its principal address at 3939 Tulane Avenue, Suite 300, New Orleans, LA 70119-6937. Defendant's registered agent for service of process is Cogency Global, Inc., 992 Davidson Drive, Nashville, TN 37205-1051.

## IV.     COVERAGE

8.  Defendant has been the "employer" of Plaintiff and those similarly situated within the

meaning of 29 U.S.C. § 203(d) of the FLSA during all times material to this action.

9. Defendant has earned more than $500,000.00 per year in gross sales during all time material.

10. Defendant has employed two or more employees who handled goods, materials, and supplies that traveled in interstate commerce during all times material.

11. In addition, Plaintiff and those similarly situated have also engaged in interstate commerce on behalf of Defendant during all times material.

12. Thus, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## V.  FACTUAL ALLEGATIONS

13. Defendant provides security services to customers in Tennessee, Texas, Florida, Louisiana, Alabama, North Carolina, California, Georgia, Arizona and South Carolina.

14. Plaintiff and those similarly situated were employed as security guards for Defendant during all times material.

15. Plaintiff was employed as a security guard for Defendant in Cordova, Tennessee.

16. Defendant has had a timekeeping system to record the compensable work hours of Plaintiff and those similarly situated during all times material to this action.

17. Plaintiff and those similarly situated performed work for more than 40 hours per week within weekly pay periods during all times material to this Complaint.

18. However, Defendant has a common policy of failing to pay Plaintiff and those similarly situated the applicable FLSA minimum wage (straight time) and overtime compensation rates for all hours worked within weekly pay periods at all times material herein.

19. More specifically, Defendant had a plan, policy, and practice of refusing to pay Plaintiff

20. and those similarly situated for the "stay-over" time they were required to spend in continuing to perform their job duties beyond their scheduled shifts when their relief security guards failed to report to work "on time" for their respective shifts.

20. Plaintiff and those similarly situated did perform their job duties beyond their scheduled shifts when their relief security guards failed to report to work "on time" for their scheduled shifts – during all times material.

21. However, Plaintiff and those similarly situated were not paid for such "stay-over" time at the applicable FLSA minimum wage (straight time) and overtime compensation rates of pay within weekly pay periods during all times material.

22. Defendant also either failed to record other compensable work hours of Plaintiff and those similarly situated into its timekeeping system or "edited out" such compensable work hours from its timekeeping system within weekly pay periods during all times material herein.

23. In addition, Defendant promised Plaintiff and other Rule 23 class members an hourly rate of pay for all hours performed for it within weekly pay periods during all time material herein.

24. Plaintiff and other Rule 23 class members accepted Defendant's said offer by performing all work hours required by Defendant.

25. However, Defendant failed to pay Plaintiff and other Rule 23 class members the promised wages within weekly pay periods during all times material.

26. Thus, Defendant breached its contractual obligations to Plaintiff and other Rule 23 class members by failing to pay them the wages promised during all times material herein.

27. Defendant knew, and was aware at all relevant times, that it was not compensating

Plaintiff and those similarly situated for all their work hours at the applicable FLSA minimum (straight time) wage and overtime compensation rates of pay within weekly pay periods during all times material.

28. Defendant also knew and was aware, at all relevant times, that it did not pay Plaintiff and other Rule 23 class members all their promised wages within weekly pay periods at all material times.

29. Defendant willfully and, with reckless disregard to established FLSA compensation requirements, failed to pay Plaintiff and those similarly situated the applicable FLSA minimum (straight) wage and overtime compensation rates of pay owed them within weekly pay periods during all times relevant herein.

30. Defendant does not have a good faith basis for its violations of the FLSA.

31. Defendant failed to keep timely and accurate pay records of Plaintiff and those similarly situated as is required by the FLSA.

32. The unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

33. As a result of Defendant's willful failure to pay Plaintiff and those similarly situated in compliance with the applicable FLSA minimum (straight time) wage and overtime compensation requirements of the FLSA, they have suffered lost compensable wages as well as other damages.

34. Defendant's scheme of failing to compensate Plaintiff and similarly situated employees for all their compensable minimum (straight time) wage and overtime compensation was to save payroll costs and payroll taxes, all for which it has received unpaid work services, unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and others

similarly situated.

## VI. RULE 23 CLASS ACTION ALLEGATIONS

35. Plaintiff brings this cause as a Fed. R. Civ. P. 23 class action on behalf of herself and other Rule 23 class members to recover promised wages, as previously described.

36. Specifically, Plaintiff brings this Fed. R. Civ. P. 23(b)(3) class action against Defendant on behalf of herself and the following Rule 23 class members:

> All security guards employed by Defendant in the State of Tennessee during the past six years preceding the filing of this Original Complaint who were not paid all wages and compensation owed them by Defendant. (The "Rule 23 class").

37. As previously described, Defendant promised Plaintiff and Rule 23 class members specific hourly pay rates for all their work time within weekly pay periods during all time material.

38. However, as previously addressed, Defendant failed to pay Plaintiff and other Rule 23 class members the promised wages for all their work time.

39. Defendant breached its contractual obligations to Plaintiff and other Rule 23 class members by such failure.

40. Moreover, Defendant unjustly enriched itself by failing to pay Plaintiff and other Rule 23 class members their promised wages.

41. Defendant also received value for the work time Plaintiff and other Rule 23 class members spent on behalf of Defendant without compensating them for such services - in contravention of Tennessee's common law of quantum meruit.

42. The precise number of Rule 23 class members is not known as of this time. However, the exact number of such class members can easily be ascertained by examining the

        Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

43.    Questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members.  These common questions of law or fact are:

    (a)    Whether Defendant breached its contractual obligations to Plaintiff and other Rule 23 class members by its failure to pay them the promised wages within weekly pay periods during all times material herein.

    (b)    Whether Defendant unjustly enriched itself by failing to pay Plaintiff and other Rule 23 class members the wages it promised them.

    (c)    Whether Defendant received valuable services for the work time spent by Plaintiff and other Rule 23 class members without compensating them for the value of such work services.

    (d)    The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for Plaintiff and the Rule 23 class members for such injury.

44.    Plaintiff's claims are typical of Rule 23 class claims, as alleged herein.

45.    Plaintiff's claims and those of the members of the Rule 23 class arose from the same Defendant's actions or inactions herein, and the claims are based on the same legal theories.

46.    The identity of the Rule 23 class members is readily ascertainable. For notice and other purposes related to this action, their names and addresses are readily available from Defendant.

47.    Plaintiff is an adequate class representative.

48.    Plaintiff's unpaid wage claims are typical of those that could be alleged by any member of

the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the putative Rule 23 class in separate actions.

49. Plaintiff and Rule 23 class members are/were subject to the same unlawful practices of Defendant in its failure to pay them all their promised wages.

50. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of the Rule 23 class claims herein, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

51. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions require.

52. Adjudicating individual litigation claims would require a significant expenditure of Court and public resources. However, treating the claims as a class action would result in substantial savings.

53. Although the relative damages suffered by individuals in the class are not *de minimis,* they are small compared to the expense and burden of prosecuting this litigation individually.

54. Consequently, class treatment is a superior mechanism for resolving this dispute compared to adjudicating individual litigation claims.

55. Current employees often fear asserting their rights because they fear direct or indirect retaliation. Former employees may fear bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint with a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing

those risks.)

56. Plaintiff has engaged the law firm of Jackson, Shields, Holt, Owen & Bryant to pursue the unpaid wage claims of herself and other Rule 23 members. (The Jackson, Shields, Holt, Owen & Bryant law firm focuses on wage and hour claims under the FLSA and state laws.)

57. The law firm has represented numerous other employees asserting unpaid wage claims.

58. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by the Plaintiff and other members of this Rule 23 class action are relatively small compared to the fees, costs, and burden of litigation of individual actions, making it virtually impossible for other class members to seek address for the wrongs done to them individually.

59. While the exact number of Rule 23 class members is unknown at this time and can be accessible via discovery, Plaintiff believes there are sufficient numbers of such individuals to satisfy the numerosity requirements of this Rule 23 class action.

60. Plaintiff and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage practices implemented and administered by Defendant.

## VII. MULTI-PLAINTIFF ACTION ALLEGATIONS

61. Plaintiff brings this action on behalf of herself and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

62. Plaintiff seeks to send notice to the following similarly situated current and former hourly-paid security guards of Defendant, to wit:

   All security guards who were employed by Defendant in the State of Tennessee at any time during the applicable statutory period covered by this Multi-Plaintiff Action

      Complaint (i.e., two years for FLSA violations and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

63. Those who elect to join this action under 29 U.S.C. § 216(b) may pursue claims under the FLSA.

64. The claims of Plaintiff are typical of the claims of potential plaintiffs in this action.

65. Plaintiff and potential plaintiffs to this action are similarly situated in that they were subjected to Defendant's unlawful common policy and practice of failing to pay them for all their compensable hours of work at the applicable FLSA minimum (straight time) wage and overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

66. Plaintiff and potential plaintiffs are similarly situated because they have been similarly deprived of the minimum (straight-time) wages and overtime compensation owed them due to Defendant's unlawful practices.

67. In addition, Plaintiff and potential plaintiffs to this action are similarly situated in that their unpaid wage claims are unified through common theories of Defendant's FLSA violations.

68. Plaintiff will fairly and adequately protect the interests of potential plaintiffs to this action as her interests are aligned with the interest of each such potential plaintiff.

69. Plaintiffs have no interests adverse to the interest of potential plaintiffs in this action.

70. Plaintiff has retained competent counsel who are experienced in multi-plaintiff action litigation.

71. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small compared to

the fees, costs, and burden of litigation in separate actions, making it virtually impossible for plaintiffs to seek redress for the wrongs done to them individually.

72. Plaintiff and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay policies and practices implemented and administered by Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

73. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

74. Plaintiff and potential plaintiffs are similarly situated because they have been similarly deprived of the minimum wages and overtime compensation owed them due to Defendant's unlawful practices, as previously described.

75. Defendant's failure to pay Plaintiff and potential plaintiffs for all their hours worked within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay has violated the FLSA.

76. Defendant's common practice of willfully failing to pay Plaintiff and potential plaintiffs at the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods has resulted in their unpaid wage claims being unified through common theories of Defendant's FLSA violations.

77. Defendant has had actual knowledge of its failure to pay Plaintiff and potential plaintiffs all the applicable FLSA minimum wages and overtime compensation to which they are entitled.

78. As described herein, the defendant's conduct was willful, with reckless disregard to clearly established FLSA compensation requirements.

79. Defendant's violations were without a good faith basis.

80. Plaintiff and potential plaintiffs are therefore entitled, and hereby seek, to recover compensation from Defendant: unpaid minimum wages and overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## RULE 23 CLASS ACTION – BREACH OF CONTRACT

81. Plaintiff incorporates by reference all the preceding paragraphs as if entirely written herein.

82. Plaintiff asserts a breach of contract claim because Defendant entered into valid and enforceable unilateral wage contracts with her and other Rule 23 class members pursuant to Tennessee common law by promising them a specific hourly pay rate for all hours worked, as previously described.

83. Defendant breached such unilateral contract with Plaintiff and other Rule 23 class members by failing to pay them their promised wages.

84. Defendant has been aware it failed to pay Plaintiff and other Rule 23 class members all the wages owed him under the unilateral contracts.

## COUNT III
## RULE 23 CLASS ACTION - UNJUST ENRICHMENT CLAIM

85. Plaintiff incorporates by reference all the preceding paragraphs as if entirely written herein.

86. Plaintiff asserts an unjust enrichment claim under Tennessee common law on the basis that Defendant failed to pay Plaintiff and those similarly situated a specific hourly rate of pay for all hours worked, as previously described.

87. Defendant unjustly enriched itself by failing to pay Plaintiff and other Rule 23 class members specific hourly pay rates as promised, as previously addressed.

88. Defendant was aware it failed to pay Plaintiff and other Rule 23 class members all the

wages owed.

89. Defendant's failure to pay Plaintiff and other Rule 23 class members all the money promised them made it inequitable.

## COUNT IV.
## RULE 23 CLASS ACTION – QUANTUM MERUIT

90. Plaintiff incorporates by reference all the preceding paragraphs as if entirely written herein.

91. Plaintiff asserts a quantum meruit claim under Tennessee common law on the basis that she and each member of the Rule 23 class provided valuable services to Defendant during all times material.

92. Defendant accepted the work of Plaintiff and Rule 23 class members and had reasonable notice that they expected to be paid for their work time spent on behalf of Defendant.

93. However, Plaintiff and Rule 23 class members were not paid for their time spent working on behalf of Defendant.

94. The reasonable value of the work time Plaintiff and Rule 23 members spent on behalf of Defendant is consistent with that promised because Defendant benefitted to such degree or more from such work provided.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually and/or on behalf of herself and all others similarly situated, requests this Court to grant the following relief against Defendant:

A. Promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B.  For an Order finding Defendants liable under the FLSA for unpaid minimum wages and overtime compensation owed to Plaintiff and potential plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and potential plaintiffs;

C.  For an Order finding that Defendant's violations of the FLSA were willful.

D.  An award of costs, expenses, and disbursements relating to this action, together with reasonable attorneys' fees and expert fees to FLSA Plaintiff and potential plaintiffs.

E.  For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

F.  An award of damages to Plaintiff and Rule 23 class members for Defendant's breach of contract.

G.  An award of damages to Plaintiff and Rule 23 class members for Defendant's unjust enrichment.

H.  An award of damages to Plaintiffs and Rule 23 class members against Defendant related to their quantum meruit claims.

I.  An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and Rule 23 class members;

J.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

March 4, 2025,                              Respectfully Submitted

                                           _s/J. Russ Bryant_____
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Cooper Mays (TN BPR #042347)

**JACKSON, SHIELDS, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood @jsyc.com*
*cmays@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***